# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOULE STEVENSON, M.D., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19CV973 RLW |
| MERCY CLINIC EAST COMMUNITIES, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Mercy Clinic East Communities' Motion to Dismiss (ECF No. 9) and Motion to Strike (ECF No. 12). After careful consideration, Defendant's Motion to Dismiss is granted, in part and without prejudice, to the extent Plaintiff Joule Stevenson attempts to raise a claim *pro se* pursuant to False Claims Act, and denied, without prejudice, as to Plaintiff's breach of contract claim. Additionally, Defendant's Motion to Strike is denied as moot. Finally, in light of Plaintiff's *pro se* status, the Court orders Plaintiff to file an amended complaint.

## BACKGROUND

On March 19, 2019, Plaintiff Joule Stevenson filed a *pro se* Petition in the Circuit Court of St. Louis County. (ECF No. 4) The entirety of her Petition states:

1. The Plaintiff is requesting that the Court order the Defendant to pay the Plaintiff a sum of $4,083,333.33 for breach of contract.

2. The Plaintiff is requesting that the Court order the Defendant to pay the Plaintiff a sum of $500,000,000.00 for pain and suffering from human trafficking after the Plaintiff discovery fraudulent Medicare billing by the Defendant while the Plaintiff was employed by the Defendant.

3. The Plaintiff is requesting that the Court order the Defendant to pay all court costs and/or fees associated with this case incurred by the Plaintiff, the Defendant and the Court.

(*Id.*)

Defendant Mercy Clinic East Communities removed the case to federal court pursuant to 28 U.S.C. §§ 1331, 1367 and 1446, and 31 U.S.C. § 3732. In its Notice of Removal, Defendant argues it appears Plaintiff's claim related to allegedly fraudulent Medicare billing attempts to state a claim under the False Claims Act (FCA), 31 U.S.C. § 3729, thereby giving this Court federal question jurisdiction. Accordingly, the Court would also have supplemental jurisdiction over the breach of contract claim.

On April 1, 2019, Plaintiff filed a separate federal Complaint with this Court against the same Defendant asserting a similar claim explicitly under the FCA related to allegedly fraudulent Medicare billing. *Stevenson v. Mercy Clinic East Communities*, No. 4:19CV811 RLW (E.D. Mo. Apr. 1, 2019). The Court dismissed that case without prejudice, noting non-lawyers may not litigate such claims on behalf of the United States. No. 4:19CV811 RLW (E.D. Mo. May 14, 2019).

Defendant moves to dismiss Plaintiff's Petition under Federal Rule of Civil Procedure 12(b)(6), arguing her claim seemingly brought under the FCA should be dismissed for the same reasons the Court found when it dismissed her separate federal Complaint without prejudice. Defendant also argues Plaintiff's breach of contract claim fails to meet federal pleading standards and should be dismissed for failure to state a claim. (ECF No. 9-1)

## **LEGAL STANDARD**

A complaint must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ."

*Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

## DISCUSSION

### I. FCA

The Court previously explained why Plaintiff may not pursue a claim *pro se* under the FCA.

> [The FCA] authorizes private individuals to bring civil actions in the government's name, and such actions are referred to as qui tam actions. In a qui tam action, the private individuals actually "sue on behalf of the government as agents of the government, which is always the real party in interest." *United States ex. rel. Rodgers v. State of Ark.*, 154 F.3d 865, 868 (8th Cir. 1998).
>
> Federal law authorizes persons to plead and conduct their own cases personally. 28 U.S.C. § 1654. However, as noted above, the United States, not plaintiff, is the real party in interest in this case. It has long been established in the Eighth Circuit that non-lawyers may not litigate qui tam actions on behalf of the United States. *See United States v. Onan*, 190 F.2d 1, 6-7 (8th Cir. 1951).

Other Circuits that have considered the issue have reached the same conclusion. *See Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008) (per curiam) (holding that a pro se litigant could not maintain a qui tam action under the FCA because he could not provide "adequate legal representation for the United States's interests, particularly where the United States would be bound by the judgment in future proceedings"); *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007) ("Because qui tam relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret § 1654 as authorizing qui tam relators to proceed prose in FCA actions.").

No. 4:19CV811 RLW (E.D. Mo. May 14, 2019).

Plaintiff filed both the instant Petition and the separate Complaint *pro se*. Accordingly, Defendant's Motion to Dismiss is granted, in part and without prejudice, to the extent Plaintiff attempt to raise a claim *pro se* pursuant to FCA. Nothing in this Memorandum and Order shall be construed as prohibiting Plaintiff from retaining counsel to bring an action under the FCA with respect to the allegations in the instant Petition.

## II. Breach of contract

Defendant argues Plaintiff's claim for breach of contract should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim, arguing the Petition fails to allege any facts establishing the necessary elements of such a cause of action.

In Plaintiff's response to Defendant's Motion to Dismiss,[1] Plaintiff provides substantially more facts in support of her breach of contract claim. (ECF No. 10) She also offers facts seeming

---

[1] Defendant moves to strike Plaintiff's response to its Motion to Dismiss as untimely because it was filed well beyond the deadline as provided by this district's local rules. (ECF No. 12) Because of the Court's ultimate decision regarding Defendant's Motion to Dismiss and in light of Plaintiff's *pro se* status, the Court denies Defendant's Motion to Strike as moot. Nevertheless, the Court advises that "[a] pro se litigant is bound by the litigation rules as is a lawyer . . . ." *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000); *see also Escobar v. Cross*, No. 4:12CV00023-JJV, 2013 WL 709113, at *1 (E.D. Ark. Feb. 27, 2013) ("Pro se litigants are required to follow the same rules of procedure, including the local court rules, that govern other litigants."). The Court notes that this district's local rules are available on the district's website. *Local Rules*, U.S. Dist. Ct. for the E. Dist. of Mo. (https://www.moed.uscourts.gov/local-rules).

- 4 -

to allege violations of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* Defendant moves to strike Plaintiff's response, arguing that it is clearly improper for a plaintiff to assert new claims in a responsive brief. *See Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will.") (citations and internal quotation marks omitted).

The Court finds Plaintiff's original Petition fails to meet federal pleading standards as it merely states threadbare conclusory statements purporting to assert two causes of action and is void of any supporting factual allegations. However, her subsequent effort in her response to Defendant's Motion to Dismiss demonstrate she is capable of alleging sufficient facts to survive a motion to dismiss.[2] Consequently, the Court concludes the prudent course of action is to order Plaintiff to file an amended complaint that clearly alleges the factual basis for the claims she wishes to assert against Defendant. Plaintiff is warned that the filing of an amended complaint replaces the original complaint and claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tel. Fed, Cost Recovery Fees Litig,*, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

---

[2] The Court does not express an opinion at this time whether Plaintiff's allegations as stated in her response to Defendant's Motion to Dismiss would in fact survive a Rule 12(b)(6) motion if properly alleged in a complaint.

**IT IS HEREBY ORDERED** that Defendant Mercy Clinic East Communities' Motion to Dismiss (ECF No. 9) is **GRANTED, in part and without prejudice,** to the extent Plaintiff attempts to raise a claim *pro se* pursuant to False Claims Act, **and DENIED, without prejudice,** as to Plaintiff's breach of contract claim.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (ECF No. 12) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint within fourteen (14) days of the date of this Memorandum and Order, no later than March 17, 2020. **Failure to do so may result in the Court dismissing Plaintiff's claims.**

Defendant is reminded of its obligation to answer or otherwise respond to the amended complaint within the time set by the rules.

**IT IS FINALLY ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order to Plaintiff via regular mail and UPS.

Dated this 2nd day of March, 2020.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**